The IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE TRANSPARENCY PROJECT, | § § | |
| Plaintiff, | § § | CIVIL ACTION No. 4:20CV468 |
| v. | § § | |
| U.S. DEPARTMENT OF JUSTICE, | § § | JUDGE AMOS L. MAZZANT, III |
| Defendant. | § § | |

### JUNE 10th JOINT STATUS REPORT

Defendant, the United States Department of Justice ("DOJ") and Plaintiff, The Transparency Project, jointly submit this status report.

**Defendant:**

Defendant received Plaintiff's first request dated March 13, 2018, and initiated a search for potentially responsive records on May 9, 2018. Defendant received Plaintiff's second request dated May 25, 2020, and initiated a search for potentially responsive records on August 11, 2020. Defendant issued an interim response consisting of case summaries to Plaintiff on October 21, 2021. Subsequently, on February 28, 2022, Plaintiff advised Defendant through undesigned counsel to stop processing the case summaries. On May 24, 2022, Plaintiff confirmed that he would like the Defendant to begin to collect and process the underlying case records related to the case summaries. Given the age of the records Plaintiff seeks, the records are maintained in storage at the Federal Records Center, which was closed during the pandemic from May 2020 through

March 28, 2022, except for emergency requests for records. *See,* FRCP Reentry Letter,

[FRCP Reentry Letter | National Archives](#).

On April 18, 2022, Defendant submitted a request to retrieve the underlying case records for initial review and processing. At present, the Criminal Division has identified approximately 80 boxes of potentially responsive records to be retrieved and scanned. After the records have been retrieved and scanned, Defendant can propose a processing and production schedule for all responsive, non-exemption information.

The Criminal Division FOIA/PA Unit is a relatively small office and is responsible for the management and review of litigation and administrative requests, including searches. Given the Criminal Division FOIA/PA Unit's limited resources, ongoing administrative and litigation demands, and significant court deadlines, it anticipates being able to provide a further status update and an estimated date of completion on its collection of records in sixty days, from the date of this filing, on or before August 9, 2022.

**Plaintiff:**

The Plaintiff filed its original FOIA request on March 13, 2018, *see* Original Complaint (Dkt. #1) ¶5, thus the request has been pending more than four years. The Plaintiff is not aware of any evidence that the Government began retrieving or processing records until after it was sued on June 12, 2020, *i.e.*, more than two years after the request was submitted. On November 6, 2020, in an effort to expedite matters, the Plaintiff agreed to accept case summaries from the Government. Eleven months later, on October 21, 2021, the Government produced a total of 13 pages, some of which were heavily

redacted. It is difficult to imagine why it would take eleven months to process and produce 13 pages about 12 cases, with most of those pages offering nothing more than a conclusory summary. In any event, it is now very clear that the Government made no serious attempt to comply with FOIA.

In *Villanueva v. United States Dep't of Justice*, the court ordered an expedited production schedule in part because the FOIA request had been pending since June of 2018. No. 19-23452-CIV, 2021 WL 5882995, at *3 (S.D. Fla. Dec. 13, 2021). Specifically, the *Villanueva* court ordered the FBI to produce records at more than ten times its normal rate of 500 pages per month. *Id*. at *4. In this case, the underlying request has been pending since March of 2018, *i.e.*, longer than the request was pending in *Villanueva*. The Government knows that 80 boxes of documents need to be scanned and reviewed, and the Department of Justice is a large organization with a lot of experience dealing with FOIA requests. *See* Annual FOIA Reports, U.S. Department of Justice, https://www.justice.gov/oip/reports-1. Somebody somewhere in the Department of Justice has a pretty good idea of how long it will take to scan 80 boxes of documents. Accordingly, the Government does not need 60 days to provide an "estimated date of completion" for merely retrieving and scanning the documents (and note that the proposed update would not give the Court any idea of how long it would take to *review and produce* the documents). The Government should therefore provide reasonable estimates of (1) how long it will take to scan and review 80 boxes of documents at its normal rate of performing the task; (2) how many personnel would be required to scan and review documents at that rate; (3) whether the task could be performed

commercially; (4) how long it would take to *review and produce* the scanned documents at its normal rate of production; and (5) how many personnel would be required to review and produce the documents at its normal rate of production. These disclosures should be made posthaste, not in 60 days. The parties can then debate what a reasonable rate of production would be given the Government's delays thus far.

                    Respectfully submitted,

                    NICHOLAS J. GANJEI
                    ACTING UNITED STATES ATTORNEY

                    ***/s/ Andrea L. Parker***
                    ANDREA L. PARKER
                    Assistant United States Attorney
                    Texas Bar No. 00790851
                    550 Fannin St., Suite 1250
                    Beaumont, Texas 77701-2237
                    Tel:   (409) 839-2538
                    Fax:  (409) 839-2550
                    Email: andrea.parker@usdoj.gov

                    ***/s/ Ty Odell Clevenger (with permission)***
                    TY ODELL CLEVENGER
                    Attorney at Law
                    P.O. Box 20753
                    Brooklyn, NY   11202-0753
                    Tel:   (979) 985-5289
                    Fax:  (979) 530-9523
                    Email: tyclevenger@yahoo.com